RAYMOND F. REIHL, RELATOR, v. JAMES F. WYNNE, RESPONDENT.

Submitted May 11, 1928—Decided May 13, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the relator, *J. Wallace Leyden.*

For the respondent, *William W. Evans.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present proceeding was instituted by the relator for the purpose of testing the validity of the appointment of James F. Wynne, the respondent, to the office of councilman of the borough of East Paterson. Raymond F. Reihl, the relator, while a member of the council, having been elected to the office of mayor of the borough in the year 1927, assumed the duties of the latter office on January 1st, 1928, at the same time resigning his membership in the borough council. At several meetings of the council held during the next thirty days the mayor presented nominations to fill the vacancy in that body caused by his resignation, and each of his nominees was refused confirmation. At the end of that period the council, by a vote of three to two, appointed Wynne, the present respondent, as a member of the borough council, and he was duly inducted into that office. The mayor, conceiving that this appointment was in violation of the provisions of the Borough act and its supplements and amendments, applied to a member of this court for leave to file an information in the nature of a writ of quo warranto to test the right of Wynne to hold the office of councilman of the borough. A rule to show cause was allowed; and, after a hearing had upon the return of the rule, leave to file the information was granted. The case is now before us on the information filed by the relator, the answer thereto of the respondent and the former's replication to the answer.

The most important question which this case presents for consideration is whether a majority of the existing members of a borough council have power, under the provisions of the Revised Borough act of 1897 (Comp. Stat., p. 223) and the supplements thereto and the amendments thereof, to fill a vacancy in that body.

Section 2 of the revised statute provides that the council of every borough shall consist of six members, to be elected by the voters of the municipality. Section 3 of the act provides that when any vacancy shall occur in the membership of that body, the vacancy shall be filled by the mayor, "with the advice and consent of council."

By a supplement to the revision passed in the year 1909 (*Pamph. L., p.* 320) the legislature provided that whenever the office of councilman of any borough should become vacant, the vacancy should be filled by the appointment of the mayor, with the advice and consent of a majority of the remaining members of the council; the appointee to hold office until noon on the first day of January following the then next annual election.

In the year 1921 the legislature amended this statute (*Pamph. L., p.* 803) by providing that no officer should be appointed by council except by a vote of the majority of the whole of the membership.

In the year 1922 the statute was again amended (*Pamph. L., p.* 248) by providing that the mayor should, with the advice and consent of the council, fill all vacancies in elective offices; and, further, that if he failed to do so within thirty days after the office should become vacant, or if the council should fail to confirm during that period any appointment made by the mayor, then, after the expiration of the thirty days, the council itself should make the appointment.

In view of these statutory provisions, is the power to fill a vacancy in the membership of the council vested in a majority of the existing members of that body when it has failed to confirm any appointee of the mayor within the thirty-day period, or does it vest in a majority of the whole membership; that is, a majority consisting of four members? It is argued on behalf of the respondent that the legislature having by the supplement of 1909, hereinbefore referred to, vested in the mayor the power of appointment to fill a vacancy in a borough council, subject to the confirmation of his appointee by a majority of the remaining members of the council, and that power not having been taken away from council by the amendment of 1922, the legislature is to be presumed to have intended that the authority of council to fill the vacancy after the expiration of the thirty-day period should also be exercised by a majority of the existing members. But this contention overlooks the

distinction made by the legislature between the power to confirm an appointment by the mayor and the power of the council to itself appoint to an office. It may be conceded that the power of confirmation, so far as the filling of a vacancy in the membership of council is concerned, may be still exercised by a majority of the existing members of that body; but when the power of appointment by the mayor has ceased to exist and is transferred to the council, then the requirement of the amendment of 1921, which still remains in full force, becomes effective, and the appointment to be valid must be concurred in by a majority of the whole council; in other words, by four members of that body. Holding this view as to the effect of the revision of 1897 and the supplements thereto and the amendments thereof, so far as they relate to the filling of a vacancy in a borough council, we consider that the appointment of the respondent was invalid and that he is not legally entitled to the office of which he is the incumbent.

The appointment of the respondent was, as we view it, invalid for another reason. Reihl was elected a member of the council for a term of three years, commencing on January 1st, 1927. He retired from that office on January 1st, 1928. The appointment of Wynne to succeed him was made on February 3d, 1928, and was for "the unexpired term" of Reihl; that is, for a period terminating January 1st, 1930. The supplement of 1909 provides that a person appointed to fill a vacancy in the council shall hold office until the 1st of January following the next annual election. Borough elections are required to be held in March of each year. *Comp. Stat.*, p. 230. The election next following Wynne's appointment was in March, 1928, and the council, therefore, had no power to appoint him for a term extending beyond January 1st, 1929. Consequently, his appointment for a term which would not expire until January 1st, 1930, was in violation of the statutory provision referred to, and, for this reason, was nugatory. *Florey* v. *Lanning*, 90 *N. J. L.* 12.

It is suggested by counsel for the respondent that the question as to whether or not a judgment of ouster should

be directed against him, even if he is the incumbent of an office to which he has no valid title, is a matter of discretion lodged in the court; and that in the present case the court should refuse to order such judgment to be entered because of the confusion which will result in the administration of the affairs of the borough. But this is a matter to be considered upon the application of a relator for leave to file the information (*Mitchell* v. *Tolan,* 33 *N. J. L.* 195), and is, by implication, determined adversely to the incumbent by the granting of such leave. The fact that the application was made to and granted by a single justice of this court does not make the procedure just referred to inapplicable; for, in entertaining the petition for leave to file the information and acting upon it, he exercises the power lodged in the court, and his act is accepted as that of the court of which he is a member. *Bonynge* v. *Frank,* 89 *N. J. L.* 239, 241.

For the reasons indicated, we conclude that the relator is entitled to a judgment of ouster.